UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

DAVID RAY HARRISON,                )
                                   )
          Petitioner,              )
                                   )
     v.                            )          No. 1:23-cv-00010-AGF
                                   )
UNITED STATES OF AMERICA,          )
                                   )
          Respondent.              )

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner David Ray Harrison's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  On September 20, 2021, Petitioner pleaded guilty to one count of being a convicted felon in possession of ammunition in violation of 28 U.S.C. § 922(g)(1).  The Court accepted his guilty plea, and on January 11, 2022, sentenced Petitioner to 66 months' imprisonment.[1]  The sentence is to run concurrently with a previous sentence imposed on Petitioner by the Circuit Court of Wayne County, Missouri, which Petitioner was serving at the time of his sentencing by this Court.

In his pro se motion under § 2255, Petitioner makes four primary claims as to why the Court should vacate and set aside his conviction.  In Claim One, Petitioner challenges

---

[1]     Since Petitioner filed this habeas action, the Court has granted Petitioner's unopposed motion for relief pursuant to Amendment 821 to U.S.S.G. § 4A1.1.  On February 5, 2024, the Court reduced Petitioner's sentence to 57 months' imprisonment. *United States v. Harrison,* Case No. 1:21-CR-00023, ECF Nos. 58, 60, and 61 (E.D. Mo.).

the constitutionality of his conviction under 18 U.S.C. § 922(g)(1) and the applicability of

18 U.S.C. § 924(a)(2).  In Claim Two, Petitioner raises several theories of ineffective

assistance of counsel.  In Claim Three, Petitioner argues that the "substantive changes in

the law" related to Missouri's legalization of marijuana require his conviction to be

vacated.  Finally, in Claim Four, Petitioner alleges actual innocence.  As the record

conclusively demonstrates that Petitioner is not entitled to relief, the Court will deny

Petitioner's § 2255 motion on all claims without an evidentiary hearing.

**Background**

1.     Criminal Proceedings

A.     Investigation and Indictment

Petitioner's Plea Agreement, *United States v. Harrison,* Case No. 1:21-CR-00023,

ECF No. 32 (E.D. Mo.),[2] and evidence in the record demonstrate the following facts:

On October 8, 2020, the Wayne County Sheriff's Office contacted Petitioner

regarding an outstanding warrant for his arrest for violations of the terms of his parole.

When officers arrived at Petitioner's residence in Wayne County, Missouri, they found

several rounds of .22 caliber ammunition and game camera photographs taken earlier that

same day of Petitioner holding a rifle.  Petitioner was subsequently arrested without

incident.

---

[2]     All further references to documents in Petitioner's underlying criminal case are
designated "Crim. ECF No. _".

On November 8, 2020, Alcohol, Tobacco, and Firearms Task Force officers interviewed Petitioner at the Wayne County Jail concerning his possession of a firearm and ammunition.  After advising Petitioner of his *Miranda* rights,[3] the officers showed Petitioner the game camera photographs retrieved during their investigation.  Petitioner admitted that the photographs showed him squirrel hunting with a rifle in the woods near his home.  Petitioner also admitted that he hid the rifle in the woods to prevent law enforcement from discovering him with a firearm or ammunition because he knew that, having been convicted of several previous felonies, he was not permitted to be in possession of them.  Crim. ECF No. 32.

An ammunitions expert examined the seized ammunition and determined that the ammunition had been manufactured either in the State of Mississippi or Illinois and subsequently was transferred across state lines and in interstate commerce prior to or during Petitioner's possession.  Based on those findings, a grand jury in the Eastern District of Missouri indicted Petitioner on February 2, 2021.  The indictment charged Petitioner with one count of "knowingly possess[ing] ammunition, while knowing he had previously been convicted in a court of law for one or more crimes punishable by a term of imprisonment exceeding one year, and the ammunition previously traveled in interstate commerce during or prior to being in [Petitioner's] possession," in violation of 28 U.S.C. § 922(g)(1).  Crim. ECF No. 1.

---

[3]     *Miranda v. Arizona,* 384 U.S. 436 (1966).

At the time of his indictment, Petitioner had already been convicted of several felonies in federal and state court.  As specifically noted in the Guilty Plea Agreement, Petitioner was convicted of a Class B Felony of Manufacturing a Controlled Substance – Marijuana on August 18, 2017, for which the Circuit Court of Wayne County, Missouri, sentenced him to 10 years' imprisonment.[4]  Crim. ECF No. 32.

In response to the indictment, Petitioner was taken into federal custody on February 8, 2021.

B.    Guilty Plea

On September 20, 2021, Petitioner appeared with counsel before the Honorable Judge Audrey G. Fleissig and entered a guilty plea pursuant to a Plea Agreement ("Agreement").  Petitioner pleaded guilty to one count of being a convicted felon in possession of ammunition in knowing violation of 18 U.S.C. § 922(g)(1).  In exchange for his plea of guilty, the Government agreed that: (1) it would not bring further federal prosecution relative to Petitioner's involvement in the offense listed in the indictment, and (2) either party could request a sentence above or below the U.S. Sentencing Guidelines ("Guidelines") range ultimately determined by the Court.  Crim. ECF No. 32.

Based on the stipulated facts in the Agreement, the parties further agreed that certain provisions of the Guidelines applied to calculating the Guidelines range.  The parties agreed that the base offense level found in U.S.S.G. § 2K2.1(a) depended on

---

[4]    The Court notes that this is not the full extent of Petitioner's previous felony convictions, which also includes a 2008 conviction in this District for being a felon in possession of ammunition.

factors including the Petitioner's criminal history and the characteristics of the

ammunition.  They also agreed that if Petitioner was determined to be an Armed Career

Criminal, the base offense level may instead be determined under § 4B1.4.  The parties

further agreed that Petitioner should receive a three-level reduction in total offense level

for Petitioner's "clearly demonstrated acceptance of responsibility," pursuant to § 3E.1(a)

and (b).  Crim. ECF No. 32 at 5.

Petitioner agreed to waive his rights to appeal all non-jurisdictional and non-

sentencing issues, including, but not limited to, any issues relating to his guilty plea.

Petitioner further agreed to waive his right to appeal sentencing issues if the Court

accepted the plea and, after determining the Sentencing Guidelines range, sentenced

Petitioner within or below that range.  Petitioner also agreed to waive all rights to contest

the conviction or sentence in any post-conviction proceeding, including one pursuant to §

2255, except as to claims of prosecutorial misconduct and/or ineffective assistance of

counsel.

At the change of plea hearing conducted by videoconference,[5] Petitioner stated

that he was satisfied with his counsel's performance, that his attorney did everything

Petitioner asked, that his attorney answered any questions Petitioner asked, and that there

was nothing that Petitioner could think of that his attorney should have done but did not

---

[5]     The Court found that Petitioner, after consultation with counsel, knowingly and
voluntarily consented to proceed by videoconference in light of the COVID-19 pandemic.
The Court further concluded that the proceeding could not occur in person without
seriously jeopardizing Petitioner's health and that delaying the proceeding would result in
serious harm to the interests of justice. Crim. Doc. No. 51 at 4:3–13.

do.  Petitioner also confirmed that he understood the terms of the indictment and plea

agreement, that no one had promised him he would receive any particular sentence, that

he understood the rights he was giving up by pleading guilty, and that he was in fact

guilty of the crime to which he was pleading guilty.  Petitioner admitted that he

knowingly possessed the ammunition and that at the time of the October 8, 2020,

incident, he knew he had previously been convicted of one or more felony offenses,

including a previous conviction in the Eastern District of Missouri, punishable by a term

of imprisonment exceeding one year.

With respect to the waiver of rights outlined in the Agreement, Petitioner

acknowledged that he agreed to waive his rights to appeal both his conviction and his

sentence.  He further agreed that he understood he was giving up all rights to appeal any

non-jurisdictional, non-sentencing issues, including the guilty plea itself.  Petitioner

stated that he had not received any offers or promises other than what was contained in

the Agreement in exchange for his guilty plea and represented that he did not rely on any

other facts in pleading guilty that were not discussed on the record.  The Court

determined there was a factual basis for the guilty plea and accepted the plea as knowing,

intelligent, and voluntary.

Although the parties estimated in their Agreement that the base offense level under

the Guidelines was found in U.S.S.G. § 2K2.1(a), the parties had not agreed on a

particular place where the counting would start as it would depend on other factors,

including Petitioner's criminal history.  Petitioner also acknowledged that the Court was

not bound to follow the Guidelines recommendations and agreements and that the Court

could find him subject to all of the maximum penalties as described by the Court, including the possibility of a sentence under § 924(e) as an armed career criminal. Crim. ECF No. 51.

      C.    <u>Sentencing</u>

After Petitioner pleaded guilty, but before sentencing, the Probation Office filed its final Presentence Report ("PSR") on December 13, 2021, to which neither party objected. The PSR calculated Petitioner's base offense level at 24 based on Petitioner's several prior felony convictions including two felony convictions for the manufacture of a controlled substance. After applying the agreed upon three-level reduction under § 3E.1(a) and (b), Petitioner's total offense level was reduced to 21. Petitioner was determined to have 10 criminal history point, in part because the offense occurred while he was serving a previously imposed sentence, placing Petitioner in Criminal History Category V. Based on Petitioner's total offense level and criminal history, the Guidelines imprisonment range was 70 to 87 months. Crim. ECF No. 37.[6]

On January 11, 2022, the Court held a sentencing hearing via videoconference,[7] with Petitioner appearing through counsel. Petitioner confirmed that he reviewed the PSR with counsel, and the Court subsequently adopted the PSR's findings of fact and

---

[6]    As noted above, under Amendment 821, Petitioner's criminal history category was reduced to Category IV, and his sentence was reduced to 57 months.

[7]    Much like the Court's decision to conduct the change of plea hearing via videoconference, the Court also concluded that conducted the sentencing via videoconference was appropriate due to the ongoing health concerns caused by COVID-19 pandemic. Petitioner knowingly and voluntarily consented to proceed by videoconference. Crim. ECF No. 53 at 3:11–20.

conclusions of law with respect to the sentencing guidelines.  Through counsel, Petitioner

made an allocution statement in which counsel made several requests: (1) a downward

variance according with § 3553(a) factors for reasons related to Petitioner's physical and

mental conditions; (2) an assignment to a medical facility to address his physical and

mental health concerns; and (3) that his sentence run concurrently with his ongoing

seven-year sentence for his previous conviction in Wayne County, Missouri.  For its part,

the Government emphasized the "troubling set of facts based on [Petitioner's] criminal

history," and noted eight felony convictions relative to controlled substance violations of

marijuana and methamphetamine and a prior conviction for the unlawful possession of a

firearm as a convicted felon.  For these reasons, the Government requested that

Petitioner's sentence run consecutively with the previously imposed state sentence.

At the conclusion of the sentencing hearing, the Court determined that Petitioner's

physical and mental health supported a downward variance from the Guidelines range

and imposed a sentence of 66-months' imprisonment followed by a supervised release

term of two years.  The Court acknowledged Petitioner's previous military service but

noted Petitioner's history of repeated violations of law as justification for the 66-months'

sentence.  The Court further ordered that the sentence run concurrently to Petitioner's

state sentence.  And while the Court requested a placement at a medical facility, the

Court also stated that it had no control over Petitioner's ultimate assigned location within

the Bureau of Prisons.

At the end of the Court's formal sentencing statement, Petitioner's counsel asked

the Court to clarify if Petitioner would receive any credit for time served.  The Court

responded that credit for time served would be determined by the Bureau of Prisons and that it was possible for Petitioner to receive credit for the time served in federal custody since February 8, 2021, or to receive no credit because he had been in primary state custody, but that ultimately the Court could not determine the amount of credit due to Petitioner at that time.  Nevertheless, the Court emphasized that Petitioner would not be precluded from receiving any credit for time served to which he was properly entitled.  The Court then explained Petitioner's right to appeal, including with respect to the voluntariness of his guilty plea or if there was some fundamental defect in the proceedings or grounds that were not waived by the Agreement or his guilty plea.  Crim. ECF No. 53.

Petitioner did not appeal.

2.      <u>Motion to Vacate</u>

Petitioner asserts four claims in support of his § 2255 motion.  In Claim One, Petitioner challenges the constitutionality of the felon in possession of ammunition statute as stated in 18 U.S.C. § 922(g)(1).  He also claims that the Court's use of § 922(g)(1) in his case violates the commerce clause such that his conviction was outside of the jurisdiction of this Court.  In Claim Two, Petitioner alleges several bases for a claim of ineffective assistance of counsel: (1) counsel's failure to "debate these issues before the court," which this Court interprets to refer to Petitioner's constitutionality challenges; (2) counsel's failure to "research and investigate the applicability of the charges" as related to § 924(a) or "ensure the charge was legitimate to begin with"; (3) counsel's statements misleading Petitioner to believe that his federal sentence would run concurrent

9

with his state sentence; and (4) counsel's failure to accurately predict the expected sentence.  Notably, Petitioner does not challenge the knowing and voluntary nature of his plea.  In Claim Three, Petitioner alleges that "substantive changes in the law" in Missouri regarding the legalization of medical marijuana for cancer patients and "President's Biden's blanket pardon for thousands or unnamed, low level drug offenses" means that his state conviction for marijuana possession is "now in question."  Finally, in Claim Four, Petitioner alleges "he is innocent of all charges and prays this court find merit and cause his conviction to be vacated with prejudice."  ECF No. 3.

The Government argues that Petitioner waived his right to assert Claims One, Three, and Four in the Agreement.  The Government also extensively briefed the issue of the constitutionality of § 922(g).  The Government further argues that Petitioner's claims of ineffective assistance of counsel in Claim Two lack merit.  ECF No. 4.

## Legal Standard

Under 28 U.S.C. § 2255(a), a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . ."  Section 2255 rights can be waived in a plea agreement if a defendant knowingly and voluntarily makes the "decision to be bound by the provisions of the plea agreement, including the waiver provisions."  *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000).  A petitioner's ineffective assistance

of counsel claim is properly raised under § 2255 rather than on direct appeal. *United States v. Davis*, 452 F.3d 991, 994 (8th Cir. 2006) (citation omitted).

## Discussion

For the reasons discussed below, Petitioner has failed to establish his eligibility for relief under § 2255. As a threshold matter, Petitioner's facial challenge to the constitutionality of § 922(g) based on the reasoning of *New York State Rifle & Pistol Association, Inc. v. Bruen,* 597 U.S. 1 (2022) lacks merit. In any event, Petitioner waived his right to raise a constitutional challenge in a § 2255 motion (Claim One) and arguments related to substantive changes in Missouri law (Claim Three) when he knowingly and voluntarily signed the Guilty Plea Agreement, and no exception to enforceability applies. Petitioner has also failed to establish ineffective assistance of counsel on any theory presented (Claim Two). Finally, Petitioner does not present any reliable newly discovered evidence to substantiate his claim of actual innocence (Claim Four). The Court will therefore deny Petitioner's § 2255 motion.

1.   Petitioner's Constitutional Challenge to 18 U.S.C. § 922(g)(1)

Petitioner's facial challenge to the constitutionality of 18 U.S.C. § 922(g)(1) lacks merit. The main thrust of Petitioner's motion rests on his interpretation and application of the Supreme Court's reasoning in *Bruen*. In that case, the Supreme Court determined that certain regulations promulgated by the State of New York regarding state-issued licenses to publicly carry concealed firearms violated the Second Amendment as applied to the states via the Fourteenth Amendment. *See Bruen*, 597 U.S. at 71 ("New York's proper-cause requirement violates the Fourteenth Amendment in that it prevents law-

abiding citizens with ordinary self-defense needs from exercising their right to keep and

bear arms.").  Following the June 2022 *Bruen* decision, the Eighth Circuit and this Court

have upheld the constitutionality of 18 U.S.C. § 922(g)(1) as applied to convicted felons,

finding that the Supreme Court's recognition of the right for ordinary, law-abiding

citizens to bear arms under the Second Amendment "should not be taken to cast doubt on

the longstanding prohibitions on the possession of firearms by felons."  *Strong v. United

States,* No. 4:23-CV-1245 HEA, 2023 WL 6582391, at *3 (E.D. Mo. Oct. 10, 2023);

*United States v. Jackson,* 69 F.4th 495, 502 (8th Cir. 2023) (finding that "there is no need

for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)" in light of

the Supreme Court's *Bruen* decision).  In April 2024, the Eighth Circuit again reaffirmed

the constitutionality of both § 922(g)(1) and (3).  *See United States v. Veasley,* No. 23-

1114, 2024 WL 1649267, at *2 n. 2 (8th Cir. Apr. 17, 2024) (rejecting a facial challenge

to constitutionality of § 922(g)(3), which prohibits unlawful users of controlled

substances from possessing firearms or ammunition); *United States v. Cameron,* No. 23-

2839, 2024 WL 1667943, at *2 (8th Cir. Apr. 18, 2024) (rejecting an as-applied

challenge to § 922(g)(1) in the context of a felon in possession of ammunition).  Simply

put, the Eighth Circuit has roundly rejected challenges to the constitutionality of §

922(g)(1) following *Bruen*, and there is no basis to rule differently here.

     As extensively discussed in the Government's response, the Court agrees that the

history and tradition of the Second Amendment indicate that § 922(g)(1) does not

constitute an unconstitutional regulation of the possession of firearms or ammunition.

The Eighth Circuit specifically reinforced this conclusion in *United States v. Cameron,*

when it found that § 922(g)(1)'s prohibition on the possession of ammunition by convicted felons does not violate the Second Amendment.  *See also Bruen*, 597 U.S. at 81 ("Nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . .") (J., Kavanaugh, concurring) (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008)).  The Court finds Petitioner's facial challenge to the constitutionally of § 922(g)(1) is without merit.

To the extent Petitioner relies on the reasoning in *Bruen* to allege that this Court lacked subject matter jurisdiction over his criminal conviction, Petitioner's argument also fails.  Congress had the power under the Commerce clause to enact the federal statutes at issue.  *See*, *e.g.*, *United States v. Peck*, 161 F.3d 1171, 1174 (8th Cir. 1998) (recognizing "21 U.S.C. § 841(a)(1) has been found to be a valid exercise of Congress' powers under the Commerce Clause.").  Nothing in *Heller* or *Bruen* suggests otherwise.  And as set forth above, the Eighth Circuit has held after *Bruen* that Section 922(g)(1) is not rendered unconstitutional by the Second Amendment.  As such, the Court will deny Petitioner relief as to Claim One.

2. Enforceability of the Agreement and Plea

As a general rule, a defendant can waive his appellate rights.  *United States v. Griffin,* 668 F.3d 987, 990 (8th Cir. 2012) (citation omitted).  In reviewing a purported waiver, the Court must confirm that the petitioner knowingly and voluntarily entered into both the plea agreement and waiver.  *See id.*  Additionally, because "plea bargains are essentially contracts," the Court must determine whether the Petitioner's argument in a § 2255 motion falls within the scope of the waiver.  *See Garza v. Idaho*, 139 S. Ct. 738,

744 (2019) (citation omitted); *see also United States v. Williams*, 81 F.4th 835, 839 (8th Cir. 2023) (citing *United States v. Andis*, 333 F.3d 886, 889–90 (8th Cir. 2003)).

"A guilty plea and representations made by a defendant during the plea-taking create a 'strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings.'" *Ohlsen v. United States,* No. 4:14-CV-01749 ERW, 2016 WL 2756551, at *20 (E.D. Mo. May 12, 2016) (quoting *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997)). "When a defendant admits he is satisfied with his lawyer, there were no threats or promises to induce him to plead, and he voluntarily admits his guilt, he has a 'heavy burden'" to show his plea was involuntary. *Id.*

The record firmly establishes that Petitioner waived his rights to assert Claims One and Three by knowingly and voluntarily signing the Agreement and entering a plea of guilty. At the change of plea hearing, the Court repeatedly asked Petitioner if there was anything that his counsel failed or refused to do during the course of entering the Agreement and plea, to which Petitioner, "No, ma'am." He also responded, "Yes, ma'am" when asked if he felt satisfied by his counsel's representation. Petitioner verified that he reviewed and discussed his case and the terms of the Agreement with counsel and that everything in the Agreement was "true to the best of [his] knowledge." Additionally, Petitioner confirmed that his guilty plea did not result from threats, coercion, or promises made to him. Petitioner points to no evidence indicating that his guilty plea was somehow unknowing or that he relied on misrepresented or omitted facts. The record therefore demonstrates that Petitioner knowingly and voluntarily entered into the Agreement and plea.

14

As part of the Agreement and plea, Petitioner agreed to "waive all rights to contest the conviction or sentence in any post-conviction proceeding," including in a motion under § 2255, "except for claims of prosecutorial misconduct or ineffective assistance of counsel." Crim. ECF No. 32. The Court specifically reviewed these waiver provisions with Petitioner at the plea hearing, and Petitioner acknowledged he understood and agreed. Thus, Petitioner's direct claims related to the constitutionality of the statute, substantive changes in Missouri law, and sentencing pursuant to § 922(g) and § 924(a)(2) fall squarely within the scope of the waiver.

Even so, the Court will not enforce an appeals waiver "where to do so would result in a miscarriage of justice." *Griffin,* 668 F.3d at 990 (citation omitted). But this "miscarriage of justice" exception is construed narrowly. The Eighth Circuit has identified several challenges that could fall within the exception: (1) challenges to an illegal sentence; (2) challenges to a sentence that violates the terms of a plea agreement: and (3) where ineffective assistance of counsel rendered the appeal waiver unknowing and involuntary. *Williams,* 81 F.4th at 840; *see also DeRoo v. United States,* 223 F.3d 919, 925 (8th Cir. 2000).

An "unlawful or illegal sentence" is one that is "imposed without, or in excess of, statutory authority." *Phillips v. United States,* No. 4:19-CV-3395 RLW, 2023 WL 2496885, at *6 (E.D. Mo. Mar. 14, 2023) (quoting *Sun Bear v. United States*, 644 F.3d 700, 704–05 (8th Cir. 2011) (en banc)). The Eighth Circuit has "repeatedly emphasized the illegal-sentence exception to the general enforceability of an appeal waiver is extremely narrow, any sentence imposed within the statutory range is not appealable, and

an allegation that the district court misapplied the Sentencing Guidelines or abused his or her discretion is not subject to appeal in face of a valid appeal waiver." *United States v. Howard,* 27 F.4th 1367, 1370 (8th Cir. 2022) (cleaned up) (collecting cases). Additionally, the Eighth Circuit has refused to entertain challenges to sentences that fall within the Guidelines' statutory range as unlawful or illegal. *See id.* at 1370; *see also United States v. Prophet,* 825 F.3d 904 (8th Cir. 2016) ("A sentence is not illegal if it is within the permissible statutory penalty for the crime.") (internal quotations marks and citation omitted).

Furthermore, a waiver made "in the light of the then applicable law does not become vulnerable" following favorable changes in law and judicial decisions, nor does this circumstance automatically result in a miscarriage of justice. *United States v. Cooney*, 875 F.3d 414, 416 (8th Cir. 2017) (finding no miscarriage of justice in enforcing an Agreement that stipulated the defendant's status as an armed career criminal under a clause of the controlling statute that was subsequently invalidated). Courts have consistently enforced waivers knowingly and voluntarily made "even after the law has changed." *Id.* (citations omitted). A "favorable change in the law after a plea is simply one of the risks that accompanies plea agreements." *Id.* (citation omitted).

The miscarriage of justice exception does not apply to Petitioner's Agreement and plea. Petitioner received a sentence *below* the Guidelines range, which cannot constitute an "excessive sentence" under the exception. To the extent Petitioner is arguing that he received an illegal sentence based on his argument that 18 U.S.C. § 924(a) does not cross-reference 18 U.S.C. § 922(g), as discussed below, that argument has no merit.

Furthermore, Petitioner does not allege the Government violated of the terms of the Agreement, nor does he allege that ineffective assistance of counsel caused his waiver to be unknowing or involuntary.

Petitioner's sentence under 18 U.S.C. § 922(g) and § 924(a) was not "imposed without . . . statutory authority," as Petitioner suggests. Contrary to what he alleges, Petitioner was *not* charged with a count of violating § 924(a). Rather, the version of § 924(a) in effect at the time of Petitioner's sentencing merely provided the statutory penalties for violations of § 922(g). Petitioner asserts that the Court erred when it used § 924(a) to sentence him because § 922(g) is not listed under the current version of § 924(a). But the current version of § 924(a) was not the version that was in effect at the time of Petitioner's offense, conviction, and sentencing. Rather, the version of § 924(a)(2) in effect at the time of Petitioner's sentencing provided that "[w]hoever knowingly violates subsection . . . (g) of section 922, shall be fined as provided in this title, imprisoned not more than 10 years, or both." 18 U.S.C. § 924 (2018). The 2018 version of § 924(a) remained in effect until six months after Petitioner was sentenced, as the current statute was made effective on June 24, 2022. Courts interpret the legality of a sentence "in light of the then applicable law." *See Cooney,* 875 F.3d at 416.[8] Based on the version of the statute applicable to Petitioner in January 2022, the Court properly used

---

[8]     The later amendment to § 924(a) does not assist Petitioner in any event. The current version of § 924(a)(8) now provides for a maximum term of fifteen (15) years' imprisonment for violations of § 922(g) rather than ten (10) years in § 924(a)(2) at the time of Petitioner's sentencing. 18 U.S.C. § 924 (2022). Thus, if Petitioner were to face sentencing today, he would actually be subject to a greater maximum sentence under the sub-paragraph of § 924(a) now applicable to his conviction under § 922(g).

the then-applicable version of § 924(a)(2) to sentence Petitioner for his violation of § 922(g)(1).

Nor do the substantive changes in Missouri law that legalize the medical use of marijuana and "President Biden's blanket pardon for thousands of unnamed, low level drug offenses" impact the legality of the sentence or the authority of the Court to impose a sentence pursuant to § 922(g)(1) and § 924(a)(2). Petitioner does not cite to any authority to refute the accepted principle that favorable changes in law do not render the original sentence illegal or without authority. In contrast, the law in this Circuit is that a "favorable change in the law after a plea is simply one of the risks that accompanies plea agreements." *Cooney*, 875 F.3d at 417. Nor has Petitioner established that any of his other previous felony convictions would be affected by these changes in law.

In sum, this Court finds that Petitioner's arguments regarding the legality of his sentence are without merit. Petitioner's constitutionality challenges and arguments that substantive changes in Missouri law undermine the legality of his sentence fall squarely within the scope of his knowing and voluntary waiver of appealability. Because Petitioner has not established that the sentence imposed was illegal or without authority, the Court declines to apply the miscarriage of justice exception to invalidate the Agreement and will subsequently deny Petitioner relief on Claims One and Three.

3. <u>Ineffective Assistance of Counsel</u>

To establish ineffective assistance of counsel, "the petitioner must show counsel's representation fell below an objective standard of reasonableness and that such deficient performance prejudiced the defense." *Davis v. United States*, 858 F.3d 529, 532 (8th Cir.

18

2017) (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).  "To establish deficient performance, a person challenging a conviction must show that 'counsel's representation fell below an objective standard of reasonableness.'" *Premo v. Moore*, 562 U.S. 115, 121 (2011) (quoting *Strickland*, 466 U.S. at 688).  Prejudice requires the Petitioner to show a "reasonable probability" that the outcome would have been different but for the deficient performance.  *Coleman v. United States*, 750 F.3d 734, 739 (8th Cir. 2014) (citation omitted).  "Because the [petitioner] must satisfy both prongs of the *Strickland* test to succeed on an ineffective-assistance claim, a court may decide such a claim by addressing either prong." *Ford v. United States*, 917 F.3d 1015, 1021 (8th Cir. 2019); *see also Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.").

Prejudice in the context of a guilty plea requires the petitioner to show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Prejudice in the sentencing context requires the petitioner to show "a reasonable probability that his sentence would have been different but for the deficient performance." *Coleman v. United States*, 750 F.3d 734, 739 (8th Cir. 2014).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome or a substantial, not just conceivable, likelihood of a different result." *Meza-Lopez v. United States*, 929 F.3d 1041, 1044–45 (8th Cir. 2019) (cleaned up) (citation omitted).

"Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Id.* at 1045 (citation omitted). "Instead, [j]udges should . . . look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id.* (cleaned up). In particular, a "defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Adams v. United States*, 869 F.3d 633, 635 (8th Cir. 2017) (citation omitted).

In general, counsel's failure "to anticipate a change in the law . . . does not constitute ineffective assistance." *Clay v. United States,* No. 4:19-CV-02015-AGF, 2022 WL 2833991, at *3 (E.D. Mo. July 20, 2022) (quoting *Weeks v. Bowersox,* 119 F.3d 1342, 1351 (8th Cir. 1997)). The court "do[es] not evaluate counsel's performance using the clarity of hindsight, but in light of the facts and circumstances at the time" of a plea of guilty. *Toledo v. United States,* 581 F.3d 678, 681 (8th Cir. 2009) (cleaned up) (citation omitted). Nor is counsel "accountable for unknown future changes in the law." *Id.* (citations omitted).

Petitioner's claims of ineffective assistance of counsel—that his counsel failed to properly "debate these issues before the court," that counsel failed to investigate the applicability of § 924(a) to Petitioner's conviction, that counsel misled Petitioner to believe that his federal sentence would run concurrently with any state sentences, and that counsel failed to accurately predict the outcome of the sentence imposed—are all contradicted by the record and Petitioner's representations at the plea and sentencing.

The Court will address each of Petitioner's bases for his ineffective assistance claims in turn.

A.    Failure to Raise Constitutionality Challenge

Petitioner's counsel's "failure to debate the issues"—which this court interprets as Petitioner alleging that his counsel should have raised a constitutional challenge to 18 U.S.C. § 922(g)—did not constitute deficient performance. Petitioner was sentenced in January 2022. The Supreme Court rendered its decision in *New York State Rifle & Pistol Association, Inc. v. Bruen.* 597 U.S. 1 (2022) in June 2022. Petitioner's counsel had no obligation to bring a meritless constitutional challenge to 18 U.S.C. § 922(g) under then-governing law. And, as discussed in detail above*,* Petitioner cannot demonstrate he was prejudiced by counsel's failure because the Eighth Circuit has upheld the constitutionality of § 922(g)(1) following *Bruen*. *See Jackson,* 69 F.4th 495 (decided June 2023); *Veasley,* No. 23-1114, 2024 WL 1649267 (decided April 2024); *Cameron,* No. 23-2839, 2024 WL 1667943, at *2 (decided April 2024). Petitioner therefore has not met his burden to show ineffective assistance on this contention.

B.    Failure to Investigate the Applicability of § 924(a)

Petitioner's argument that his counsel failed to investigate the applicability of § 924(a) to Petitioner's conviction also fails to indicate deficient performance. As noted above, Petitioner's Motion mistakenly references to the version of § 924(a) that became effective on June 25, 2022, rather than the version that applied at the time of his sentencing. To be clear, the 2018 version of § 924(a)(2) applicable to Petitioner at the time of the proceedings did include a cross-reference to § 922(g), and provided for a

maximum sentence of ten (10) years.  Based on the statute's plain language, § 924(a)(2) applied to Petitioner's conviction under § 922(g) at the time of his sentencing proceeding. So Petitioner's counsel's failure to raise a meritless objection to the application of § 924(a) does not constitute deficient performance.

C.      Alleged Misleading Advice Regarding Petitioner's Sentence

Petitioner's theory of ineffective assistance based on his counsel's allegedly misleading advice regarding the sentence he received is refuted by his admissions at the plea hearing, the express provisions of his sentence, and by the record.  At his plea hearing, Petitioner stated under oath that no one had promised him a particular sentence that he should expect to receive in his case.  The Court specifically advised Petitioner that no one could make such a promise to him, because the Court would not know until sentencing what Petitioner's sentencing guideline range would be or whether the Court would impose a guideline or a non-guideline sentence.  Petitioner further acknowledged that the Court was not promising him any particular sentence or the application or non-application of any particular guidelines provisions.  Crim ECF. No. 50 at 26, 29–30. Petitioner also expressly stated under oath that he understood that by pleading guilty he was potentially subjecting himself to all of the maximum penalties described in the plea agreement and under the statute.  *Id.* at 33.  Petitioner also acknowledged that by entering into the plea agreement, he was giving up all rights to appeal all sentencing issues other than the calculation of his criminal history score.  *Id.* at 36.  Finally, Petitioner expressly stated that other than what was in the plea agreement or that the Court had discussed with him at the plea hearing, no one had may any promises to him to get him to plead guilty,

22

and that no one had represented any other facts on which he was relying in pleading

guilty that had not been discussed with him by the Court. *Id.* at 37-38. Counsel's failure

to predict the ultimate sentence imposed does not establish that counsel's representation

fell below an objective standard of reasonableness and therefore does not constitute

deficient performance. *See Thomas v. United States,* 27 F.3d 321, 325–26 (8th Cir. 1994)

(finding that counsel's failure to inform defendant of the possibility of a higher sentence

does not constitute deficient performance).

With respect to Petitioner's contention that counsel incorrectly led him to believe

that his federal and state sentences would run concurrently, the terms of Petitioner's

sentence expressly negate this. The judgment entered on January 11, 2022, states, "[t]his

sentence *shall run concurrently* with the sentence imposed in Circuit Court, Wayne

County, Missouri. . . ." Crim. ECF No. 46 at 2 (emphasis added). Petitioner's contention

to the contrary is incorrect and provides him no basis for relief.

To the extent which Petitioner relies on any disparity in the credit that he

anticipated and the credit he ultimately received to substantiate his ineffective assistance

claim, counsel simply is not accountable for an incorrect speculation of credits due. The

record indicates that counsel undertook concerted efforts to ensure Petitioner received

clarification from the Court about credits due. During sentencing proceedings,

Petitioner's counsel repeatedly asked the Court to clarify if Petitioner would receive any

credit for the time served in custody. The Court acknowledged the possibility that

Petitioner would receive credit for the time served in federal or state custody, but that

ultimately the Court could not determine the amount of credit due to Petitioner at that

time.  Petitioner was informed that the Court was not in a position to provide a specific calculation, nor was Petitioner's counsel.  Counsel's performance regarding the applicability of credit for time served was objectively reasonable and therefore negates Petitioner's contention that his counsel was ineffective for failing to predict how such credit would be calculated.

Because Petitioner has failed to establish that he received ineffective assistance of counsel under any of the theories presented, this Court will deny Petitioner's relief on Count Three.

### 4.   Actual innocence

"[A] credible claim of actual innocence requires a petitioner to support his allegation of constitutional error with new reliable evidence."  *Pullen v. United States,* No. 20-CV-900 RWS, 2020 WL 6483950, at *3 (E.D. Mo. Nov. 4, 2020) (quoting *Pitts v. Norris*, 85 F.3d 348, 350 (8th Cir. 1996)).  "Actual innocence . . . means factual innocence, not mere legal insufficiency."  *Clay,* No. 4:19-CV-02015-AGF, 2022 WL 2833991, at *3 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).  To establish actual innocence, Petitioner must produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented" in previous proceedings.  *Id.* (quoting Weeks, 119 F.3d at 1351).  "This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a conviction."  *Johnson v. United States,* 278 F.3d 839, 844 (8th Cir. 2002).  A "naked claim of innocence" does not satisfy

24

this standard nor does it justify avoiding an appeal waiver.  *See United States v. Seizys,* 864 F.3d 930, 932 (8th Cir. 2017).

Petitioner has failed to produce any new reliable evidence to support his claim of actual innocence and the record supports his conviction.  At his plea hearing, Petitioner confirmed that he knowingly possessed ammunition and knew that he had been previously convicted of several crimes punishable by a term of imprisonment exceeding one year.  During the plea and sentencing proceedings, Petitioner did not contest any of the facts outlined in the Agreement and at the sentencing did not object to the Court's acceptance of the PSR's findings of fact, including information about his federal conviction for being a felon in possession of ammunition and for manufacturing marijuana and several other convictions in this District and state courts.  He further confirmed that he had, in fact, committed the conduct to which he stipulated in the Agreement.  The record therefore clearly establishes that Petitioner had committed the offense to which he pleaded guilty.

To the extent substantive changes in Missouri's marijuana law and the Biden administration's "blanket pardon" for low-level drug offenses may expunge or overturn Petitioner's previous convictions for marijuana possession, these changes simply do not impact Petitioner's status as a convicted felon.  Petitioner has an extensive history of felony convictions unrelated to the simple possession of marijuana.  Regardless, Petitioner has presented no evidence that these substantive changes in law have in fact changed his status as a previously convicted felon.

Without pointing to any newly discovered, reliable evidence to support his claim of actual innocence, Petitioner fails to meet his burden.  As such, the Court will deny Petitioner relief on Claim Four.

### Evidentiary Hearing

An evidentiary hearing is not warranted when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  *See* 28 U.S.C. § 2255(b); *see also Guzman-Ortiz v. United States*, 849 F.3d 708, 715 (8th Cir. 2017) (holding that a district court may forego an evidentiary hearing before dismissing a § 2255 motion where "accepting the petitioner's allegations as true, the petitioner is not entitled to relief") (citation omitted).  Such is the case here, and Petitioner's requests for relief will be denied without conduct a hearing.

### Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner David Ray Harrison's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Petitioner has not made a substantial showing of the denial of a federal constitutional right as required by 28 U.S.C. § 2253(c)(2).

A separate Judgment shall accompany this Memorandum and Order.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 6th day of May, 2024